## WEIL v. AUERBACH et al.

(Supreme Court, Appellate Division, First Department.  August 10, 1898.)

INJUNCTION—BREACH OF COVENANT.

> Upon a motion for a temporary injunction in an action to enforce a covenant by the defendants not to sell candies except to jobbers, it was asserted by the defendants, and not denied, that the only candies deliv, red by them to retailers were single sample boxes, to advertise a new article, which contained cards stating that orders must come through jobbers. *Held*, that a denial of the motion was within the discretion of the court.

Appeal from special term, New York county.

Action by Maurice L. Weil against David Auerbach and others. From an order denying a motion for an injunction, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, INGRAHAM, and O'BRIEN, JJ.

John Hill Morgan, for appellant.

James A. O'Gorman, for respondents.

PER CURIAM.  This action was brought for an injunction to enforce the provisions of a contract whereby the defendants sold to the plaintiff's assignor a certain retail business, and certain property used in the prosecution of the said business, and which agreement contained a covenant on behalf of the defendants "that neither they, the parties of the first part, or either of them, will directly or indirectly, during the period of three years from the date hereof, sell candies or confectionery at retail to the proprietor or keeper of any store or stores where candies or confectionery are sold at retail only.  Nothing, however, herein contained, shall be construed to restrict or preclude the parties of the first part, or either of them, from selling candies or confectionery to any jobber or to any jobbers who may also sell at retail."  The complaint alleges that the defendants have violated this agreement, which allegation is denied by the defendants.  The defendants allege that the only candies that they have delivered to retailers are single sample boxes of certain kind of candy, for the purpose of advertising a new article manufactured by them, and allege that each of these boxes so delivered to these retailers for advertising purposes contained a card notifying retailers that orders for these goods must come through jobbers.  We think, upon this statement, the court below was justified in exercising its discretion in refusing to grant a temporary injunction.  If these facts alleged by the defendants, and which are not denied, are true, the most that could be said was that there was a technical violation of the covenant, which was, in substance, a mere method adopted by the defendants to advertise a new product which they had upon the market, and which advertising had been for the benefit of the jobbers, including the plaintiff as well as the defendants.  Whether or not a temporary injunction should be granted is largely in discretion of the court, and the court is entirely justified in refusing to grant such injunction where it is clear that there was no intent to vio-

late the covenant contained in the sale of the business to the plaintiff; and, without expressing any opinion as to whether the plaintiff would be entitled to an injunction on the trial of the action, we think the order was right, and should be affirmed, with $10 costs and disbursements.